UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
S. Jerome Levey,                                  :
                    Appellant,    :
                -against-                 :    **MEMORANDUM &ORDER**
Kesser Cleaners Corp., Yossi Stern,               :    06-CV-02530 (DLI)
and United States Trustee,                        :
                    Appellees.    :
----------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On March 31, 2006, the Honorable Dennis E. Milton of the United States Bankruptcy Court for the Eastern District of New York issued a decision and order sanctioning S. Jerome Levey ("Levey") in the amount of $11,900 for violating Bankruptcy Rule 9011. Levey now appeals Judge Milton's sanction. The court has jurisdiction pursuant to 28 U.S.C. § 158. For the reasons set forth below, the sanction is affirmed to the extent that Levey is required to pay $5,000 to the Clerk of the Bankruptcy Court for the Eastern District.

## FACTS

The facts of the underling bankruptcy matter are set forth in Judge Milton's March 31, 2006 Order. *See* ECF Docket No. 42. With respect to this appeal, the facts are as follows. On September 9, 2002, Levey's client, Yossi Stern, entered a contract to purchase Kesser Cleaners Corp. ("Debtor") for $175,000. *Id.* As part of the contract, the Debtor was to assign the lease on the property upon which the business was located to Stern. *Id.* The contract required Stern to provide a $15,000 deposit, with the balance to be paid in periodic installments after the closing. *Id.* Stern paid $10,000 of the $15,000 deposit. *Id.*

The Debtor had fallen behind in lease payments to his landlord, putting the Debtor's lease

1

in jeopardy. *Id.* Without the lease, Stern's purchase of the Debtor would be worthless. Thus, before the closing date, but after putting down the $10,000 deposit, Stern paid $32,010.96 to the Debtor's landlord. *Id.* This payment brought the lease payments current. *Id.* At the closing on June 18, 2003, Levey and the Debtor's counsel got into an argument – presumably at least partially over a credit for the lease payment that Stern made on the Debtor's behalf – and the closing was never completed. *Id.*

Stern had given a $10,000 deposit and had paid the Debtor's landlord $32,010.96 – all for naught. Stern asked Levey to devise a way to get his money back. *Id.* Levey explained that the seller was judgment proof and therefore a state court judgment was worth little. *Id.* On July 11, 2003, Levey, on behalf of Stern, filed a Chapter 11 Involuntary Petition against the Debtor. ECF Docket No. 1. The Debtor moved to dismiss the petition on the grounds that an involuntary bankruptcy was not appropriate because Stern's claim was subject to a bonafide dispute and because the Debtor was paying its debts as they became due. ECF Docket No. 4. Levey, on behalf of Stern, opposed the motion. ECF Docket No.5. The bankruptcy court decided to hold a hearing on the motion to dismiss. ECF Docket No. 10. Prior to the hearing, Levey made a few discovery motions and opposed the hearing. ECF Docket Nos. 11, 13, 14. Eventually, Levey was replaced as counsel. ECF Docket Nos. 15-19.

On August 31, 2004, a hearing was held. At the hearing, Stern's new counsel withdrew the petition. However, the court continued the hearing on the motion to dismiss the petition and on the issue of damages. Levey and the Debtor submitted supplemental affidavits on the issue of damages and sanctions. ECF Docket Nos. 22-25, 27-28.

On January 7, 2005, after the parties had fully briefed the Debtor's motion to dismiss and

motion for sanctions, the court issued an Order to Show Cause why it should not sanction Levey for filing the petition. ECF Docket No. 29. Levey submitted affidavits in opposition to the Order to Show Cause, asking that the court not sanction him. The Debtor submitted affidavits in support of the Order to Show Cause. ECF Docket Nos. 36-38.

A hearing was held on August 18, 2005. At the hearing, Levey was able to put forward little evidence that the Debtor had fewer than twelve creditors, that Stern's debt was not subject to a bonafide dispute and that the Debtor was not paying his debts as they became due. The decision to sanction Levey, upon which this appeal is taken, was issued on March 31, 2006.

## DISCUSSION

Levey was sanctioned under Bankruptcy Rule 9011. This provision permits a court to "impose sanctions on attorneys or parties who assert frivolous claims and defenses in a bankruptcy proceeding." *In re Who's Who Worldwide Registry, Inc.,* 232 B.R. 38, 48 (E.D.N.Y. 1999). More precisely, when filing the involuntary petition, Levey signed the petition, which indicated that "(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." *See* Fed. R. Bankr. P. 9011. Bankruptcy Rule 9011 is modeled after Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), and is interpreted using

3

Rule 11 precedents. *See In re Highgate Equities, Ltd.,* 279 F.3d 148, 151 (2d Cir. 2002).

Judge Milton's sanction was based on his finding that Levey filed the involuntary petition to obtain an advantage over the Debtor in other litigation. Judge Milton further found that sanctions were appropriate because, viewed objectively, there was no evidentiary support for Levey's claims that the Debtor had fewer than twelve creditors, owed a debt that was not subject to a bonafide dispute and was not paying its debt as they became due. *See* Fed. R. Bankr. P. 9011(c)(2); s*ee also In re Intercorp Intern., Ltd.,* 309 B.R. 686, 694 (Bankr. S.D.N.Y. 2004) (applying an objective standard to determine whether the facts of a case justify the sanction).

A district court reviews a Bankruptcy Court's findings of fact for clear error, its conclusions of law *de novo*, and its decision to award costs, attorneys' fees, and damages for abuse of discretion. *In re Bayshore Wire Products Corp.,* 209 F.3d 100, 103 (2d Cir. 2000). Levey makes legal and factual challenges to Judge Milton's sanction. Levey argues (1) that he was entitled to the "safe harbor" provision of 9011(c)(1)(A) and should not be sanctioned since the petition was withdrawn; (2) the Order to Show Cause directing Levey to appear before the court to explain why sanctions should not be imposed lacked specificity; (3) the sanctions are an abuse of discretion; and (4) counsel fees are not permitted, as a matter of law. For the reasons set forth below, Levey's appeal is dismissed in part and granted to the extent that the sanction imposed by Judge Milton is modified to exclude attorneys' fees.

*The "Safe Harbor" Provision Does Not Apply*

A review of the docket indicates that the Debtor moved to dismiss the petition in August 2003. In December 2003, Judge Milton decided to hold a hearing on Debtor's motion to dismiss. Levey was replaced as counsel in May 2004. A hearing was held on August 31, 2004, during which

the petition was withdrawn by Stern's new counsel. However, the court continued the August 31, 2004, hearing on the motion to dismiss and "on the issue of damages." The parities filed supplemental affidavits addressing damages. In January 2005, the court issued an Order to Show Cause. The Order to Show Cause was briefed and a hearing was held in August 2005.

Levey argues that Judge Milton erred by not permitting him to withdraw the petition within 21 days of being notified of the motion for sanctions. Levey argues that because the 21-day "safe harbor" was not available to him, his conduct can only be sanctionable if the court finds he acted in "objective bad faith." *See In re Pennie & Edmonds LLP,* 323 F.3d 86 (2d Cir. 2003) (applying a higher standard of culpability in cases where the safe harbor provision of Fed. R. Civ. P. 11 is not available to the party subject to sanction).

Levey's contention is nonsensical. The Order to Show Cause for sanctions was issued *after* the petition had already been withdrawn by Stern's new counsel. Levey, therefore, never could have received the benefit of the safe harbor since, by the time the sanction was issued, the petition had already been withdrawn. More fundamentally, there is no safe harbor available to Levey under the circumstances herein. Unlike Fed R. Civ. P. 11, which includes the safe harbor provision in all cases, the "safe harbor" provision in Bankruptcy Rule 9011(c)(1)(A) does not apply if the sanction relates to the filing of a petition. *See* Fed. R. Bankr. P. 9011(c)(1)(A) ("[t]he motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b)); *see also In re Intercorp Int'l., Ltd.*, 309 B.R. at 694 n. 10.

Bankruptcy Rule 9011(c)(1)(A) treats petitions differently because petitions, unlike papers, claims, defenses, contentions, allegations, or denials, cause immediate collateral effects and, moreover, a petition cannot be withdrawn without the court's consent. See *In re St. Stephen's 350 East 116th St.,* 313 B.R. 161, 168 n. 5 (Bkrtcy S.D.N.Y. 2004) (stating that the safe harbor provision does not apply to the filing of petitions since "the filing [of a bankruptcy petition] has immediate, serious consequences and there is no absolute right to withdraw a chapter 7 or chapter 11 petition"). Thus, requiring a higher degree of *mens rea* for a Bankruptcy Rule 9011 violation would defeat the very intent of exempting petitions from the safe harbor provision.

Since there is no heightened standard, Levey is subject to sanctions if it was objectively unreasonable for him to believe that the Debtor was subject to involuntary bankruptcy. *See In re Gorshtein,* 285 B.R. 118, 126 (Bkrtcy. S.D.N.Y. 2002); *In re Garcia*, 260 B.R. 622, 633 (Bkrtcy. D. Conn. 2001) (holding that the issue of whether a party has violated Bankruptcy Rule 9011 is "determined by applying an objective standard of reasonableness under the circumstances . . . 'the signer's conduct is judged objectively looking at the facts of the case, the reasonableness of the pleading and the circumstances of the filing.'")(quoting *In re KTMA Acquisition Corp.*, 153 B.R. 238, 248 (Bankr.D.Minn.1993); *c.f. In re Squillante,* 259 B.R. 548, 552-553 (Bkrtcy. D. Conn. 2001) (sanctions inappropriate where petitioner made reasonable inquiry into the debtor's financial affairs and that, on the basis of the information available to them at the time, their filing of the petition was not objectively unreasonable). As explained below, it was objectively unreasonable for Levey to file the petition and therefore sanctions are appropriate.

*The Court Did Not Abuse Its Discretion in Sanctioning Levey*

11 U.S.C. § 303(b) provides that

> An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title–
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount . . . if such noncontingent, undisputed claims aggregate at least $12,300 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
> (2) if there are fewer than 12 such holders . . . by one or more of such holders that hold in the aggregate at least $12,300 of such claims.

*Id.* Judge Milton sanctioned Levey because he found it objectively unreasonable for Levey to believe (1) that there were fewer than 12 creditors, and (2) that Stein's claim was not subject to a bonafide dispute. Levey does not explain what independent investigation he undertook to determine whether the Debtor qualified for involuntary bankruptcy. Rather, Levey asserts that he should not be sanctioned because he was relying on his client's factual claims. This argument is meritless.

"An attorney is entitled to rely on his or her client's statements as to factual claims when those statements are objectively reasonable." *Margo v. Weiss*, 213 F.3d 55, 64 (2d Cir. 2000); *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1470 (2d Cir.1988), *rev'd in part on other grounds sub nom, Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). Even assuming, *ad arguendo,* that it was objectively reasonable for Levey to believe his client's assertion that the Debtor had fewer than twelve creditors, it was objectively unreasonable for Levey to believe that the debt was not subject to a bonafide dispute. There was a bonafide dispute regarding Stein's entitlement to the return of the deposit because the Debtor believed that Stein's failure to close on the contract for the sale of the business entitled it to keep the deposit and that it had no obligation to credit Stern for the money paid to the landlord. Levey was a part of the discussions over the credit and the return of the deposit and nowhere does Levey assert that he was unaware of the dispute. Therefore, it was not an abuse of discretion for the bankruptcy

court to sanction Levey. *See Wilder v. GL Bus Lines*, 258 F.3d 128 (2d Cir. 2001) (Rule 11 sanctions appropriate when an "attorney has negligently or recklessly failed to perform his responsibilities as an officer of the court"); *see also Dangerfield v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 02 CV 2561, 2003 WL 22227956, *6 (S.D.N.Y. Sept. 26, 2003) (sanctioning a plaintiff's counsel for failing to conduct a reasonable inquiry into a RICO complaint).

*The Order to Show Cause Was Not Defective*

Levey also makes the purely technical argument that he cannot be sanctioned because the Order to Show Cause issued by the court in January 2005 did not specify the conduct that was sanctionable. Levey correctly asserts that, before a lawyer may be sanctioned, the court (or party seeking the sanction) must give specific notice of the conduct alleged to be actionable, the standard by which that conduct will be assessed, and must provide the lawyer with an opportunity to be heard on that matter. *See Nuwesra v. Merrill Lynch, Fenner and Smith*, 174 F.3d 87, 92 (2d Cir. 1999). The court finds that Levey received proper notice and was provided the opportunity to be heard.

The docket indicates that a hearing on the Debtor's Motion to Dismiss was held in August 2004. At the hearing, Stern's new counsel withdrew the petition. The court, however, continued the hearing, specifically to address the issue of damages. Before the continuation of the hearing, Levey filed a supplemental affidavit opposing the dismissal and the request for sanctions. Only after reviewing Levey's supplemental submissions did the court issue its Order to Show Cause regarding sanctions. After the court issued its Order to Show Cause regarding the sanction, Levey submitted additional affidavits arguing that he should not be sanctioned.

Thus, after submitting a supplemental affidavit opposing the motion for sanctions, on several occasions, Levey argues that he was not on notice of the actions for which the court wished to

sanction him. This argument is meritless and utterly disingenuous: Levey was clearly on notice of the conduct for which he was eventually sanctioned, even if the order to show cause was not as specific as Levey would have liked. *See Margo*, 213 F.3d at 64 (finding that the court was not required to provide notice of a sanction where a party received ample notice of a sanction from the opposing party's papers); *c.f. Ted Lapidus, S.A. v. Vann,* 112 F.3d 91, 97 (2d Cir. 1997) (sanctions not appropriate where a party was not "put on notice that this was his opportunity to defend himself against that charge."). There is no legal error in Judge Milton's Order to Show Cause sanctioning Levey.

*The Court Erred in Assessing Attorney's Fees Against Levey*

Bankruptcy Rule 9011 only permits the court to require that a sanctioned party pay the other party's attorney fees if the sanction is "imposed on motion and warranted for effective deterrence" *See Nuwesra*, 174 F.3d at 94. Here, the record is somewhat muddled and it is unclear if the sanction was imposed based on the Debtor's motion (in which case attorneys' fees would be permitted) or on the court's Order to Show Cause (in which case attorney's fees would not be permitted).

The Debtor's initial motion to dismiss made reference to sanctions and Levey briefed the issue of sanctions in response to the Debtor's motion. The Order to Show Cause was issued after the Debtor's motion was withdrawn. Therefore, Levey was actually sanctioned pursuant to the court's *sua sponte* Order to Show Cause, and not the motion. Because the court is required to resolve all disputes in favor of the party to be sanctioned, the court finds that Levey was sanctioned pursuant to the court's Order to Show Cause and not the Debtor's motion. Thus, attorney's fees are impermissible. *See Associated Indem. Corp. v. Fairchild Indus.*, 961 F.2d 32, 34-35 (2d Cir.1992) ("[w]hen divining the point at which an argument turns from merely losing to losing and

9

sanctionable . . . district courts [must] resolve all doubts in favor of the [party to be sanctioned].").
Accordingly, the court modifies Judge Milton's order to the extent that Levey is not required to pay the Debtor's legal fees. Levey is still required to pay $5,000 to the Clerk of the Bankruptcy Court for the Eastern District of New York. This payment shall be paid within thirty (30) days of the date of this order.

## CONCLUSION

Judge Milton's Order sanctioning Levey is affirmed to the extent that Levey is ordered to pay $5,000 in sanctions to the Clerk of the Bankruptcy Court.


DATED:	Brooklyn, New York
	July 27, 2007

	_____/s/_____
	DORA L. IRIZARRY
	United States District Judge